O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| ASET IBRAGIMOVA, | Case No. CV 06-04899-MLG |
|          Plaintiff, | MEMORANDUM OPINION AND ORDER |
|        v. | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | |
|          Defendant. | |

**I.   Factual and Procedural Background**

This is an action for judicial review of the Commissioner's final decision denying Plaintiff's application for Supplemental Security Income ("SSI") benefits. Plaintiff Aset Ibragimova was born on July 17, 1947 in the Soviet Union and was 57 years old at the time of the administrative hearing.  (Administrative Record ("AR") 451.) She was trained as a physician and worked as a gynecologist from 1972-1999.  She entered the United States in July 2001 after being granted asylum and has not worked since that time. (AR 64, 452.)  She lives in Glendale,

1   California with a relative. She has a daughter who lives in the Los

2   Angeles area who assists her financially and occasionally with her daily

3   activities.  Plaintiff is not literate in the English language.

4       On October 14, 2003, Plaintiff filed an application for SSI

5   benefits, claiming that she became disabled on December 1, 1999 due to

6   depression, high blood pressure bronchitis and pneumonia. (AR 19, 60.)

7   On January 7, 2004, the state agency denied Plaintiff's application at

8   the initial level of review. (AR 32-36.) Plaintiff timely filed a

9   Request for Hearing, and a hearing was held on February 7, 2005 before

10  Administrative Law Judge ("ALJ") James D. Goodman.[1] (AR 19.)  Following

11  the hearing, the ALJ ordered two consultative medical examinations, one

12  for her physical impairments and the other for her psychological

13  impairments. He subsequently forwarded interrogatories to Vocational

14  Expert Elizabeth Ramos Brown to determine whether there existed work in

15  the economy that Plaintiff could perform in light of the limitations he

16  found Plaintiff to have.

17      In a decision issued October 18, 2005, the ALJ found that Plaintiff

18  was not disabled and therefore not entitled to SSI benefits. (AR 19-31.)

19  The ALJ made specific findings that Plaintiff has severe impairments,

20  within the meaning of the Social Security Act, including a history of

21  headaches; generalized joint pain, hypertension, brochiectasis, cervical

22  spine spondylosis and stenosis, a depressive disorder, and post

23  traumatic stress syndrome; that Plaintiff's impairments do not meet or

24  medically equal any of the listed impairments in 20 C.F.R., Part 404,

25  Subpart P, Appendix 1; that Plaintiff cannot perform her past work but

26

27      [1]  The hearing was originally scheduled for September 1, 2004 but
    was continued at Plaintiff's request so that she could obtain a
28  representative. (AR 438-42.)

1  that she retains the residual functional capacity ("RFC") to perform a
2  limited range of medium work; and that based upon the answers of the
3  vocational expert, Plaintiff could perform work as a machine feeder,
4  dishwasher and hand packager. (AR 19.) In doing so, the ALJ rejected
5  Plaintiff's testimony as not credible, and also found a letter filed by
6  Plaintiff's daughter and the opinions of her treating physicians not be
7  supported by the other evidence in the case. (AR 24-28.)

8       Plaintiff timely filed a Request for Review of the ALJ's decision.
9  The Appeals Council denied review on July 17, 2006. (AR 4-6.) Plaintiff
10 then filed the instant action, claiming that the ALJ: 1) erred in his
11 evaluations of Plaintiff's mental limitations; 2) erred in failing to
12 present a complete hypothetical to the VE; and 3) erred in his
13 credibility findings concerning Plaintiff's testimony and the written
14 statement presented by her daughter.[2] (Joint Stipulation (Jt.Stip.) at
15 3). For the reasons stated below, the Court finds that the ALJ erred in
16 his evaluations of Plaintiff's mental limitations, and in doing so,
17 failed to give proper weight to the opinions of Plaintiff's treating
18 physicians.  Accordingly, this decision shall be reversed for an award
19 of benefits.

20

21 **II.  Standard of Review**

22      Under 42 U.S.C. § 405(g), a district court may review the
23 Commissioner's decision to deny benefits. The Commissioner's or ALJ's
24 findings and decision must be upheld if it is "supported by 'substantial

25

26      [2] Plaintiff notes that on April 12, 2006, a subsequent application
   for SSI benefits, filed on November 22, 2005, was granted. Accordingly,
27 the issue before the court is whether Plaintiff is entitled to a closed
   period of disability for the time between October 14, 2003 and November
28 22, 2005.

1 evidence' and if the proper legal standard was applied." *Mayes v.*

2 *Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). Substantial evidence

3 means such evidence as a reasonable person might accept as adequate to

4 support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971);

5 *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more

6 than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec.*

7 *Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether

8 substantial evidence supports a finding, the reviewing court "must

9 review the administrative record as a whole, weighing both the evidence

10 that supports and the evidence that detracts from the Commissioner's

11 conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If

12 the evidence can support either affirming or reversing the ALJ's

13 conclusion," the reviewing court "may not substitute its judgment for

14 that of the ALJ." *Robbins*, 466 F.3d at 882.

15

16 **III.  The ALJ Erroneously Evaluated Plaintiff's Mental Condition**

17      The ALJ improperly rejected the reports of Plaintiff's treating

18 physicians and misinterpreted the findings of the consulting

19 psychologist.  Plaintiff was treated on a regular basis by Dr. Gennady

20 Musher and Tsilya Bass. (AR 242-50, 223-31).  Both doctors found

21 significant deficits in Plaintiff's mental abilities such that she would

22 be unable to function in a work like setting.  For example, Dr. Bass

23 found marked limitations in the ability to understand and remember

24 instructions, maintain regular attendance, make simple work related

25 decisions, get along with co-workers, and deal with normal stress. (AR

26 229.)  Dr. Mushner made similar findings. (AR 248.)

27      An ALJ must give deference to a treating medical source's opinion

28 as to the nature and severity of an impairment if it is well supported

4

and not inconsistent with other substantial evidence. *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996); SSR 96-2p, 1996 WL 374188, at *1 (S.S.A. July 2, 1996).   The ALJ may reject the opinion of a treating medical source if the ALJ provides specific and legitimate reasons for doing so that are based on substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).   Here, the ALJ found that these conclusions were unsupported because they were based upon Plaintiff's subjective statements and were inconsistent with the findings of Dr. Steven I. Brawer, the consulting psychologist.   The Court finds that neither of the ALJ's reasons for rejecting the opinions of the treating physicians are supported by substantial evidence.

Both treating physicians saw Plaintiff on a regular basis.   They conducted frequent mental status examinations, part of which included discussions with Plaintiff concerning her state of mind.   Indeed, a psychiatric diagnosis is regularly made in this fashion.   In light of the consistent findings of these two physicians and the support for their diagnoses in the medical record, and for the reasons stated by Plaintiff at pp. 4-7 of the joint stipulation, the Court finds that the ALJ did not provide clear and convincing reasons for disregarding the findings and conclusions of the treating physicians.

Moreover, these opinions were not significantly different than that of Dr. Bracer. Dr. Bracer found that Plaintiff had moderate limitations in those areas of mental functioning which relate to the performance of work related activity.   (AR 433-34.)   While he had some concerns about malingering due to Plaintiff's poor performance on the psychological tests he administered, he did not so find.   Rather, he suggested only that malingering be ruled out as a cause of Plaintiff's symptoms.   The treating physicians, who saw Plaintiff regularly, found no signs of

1  malingering.   Indeed,   Plaintiff's   behavior   during   Dr.   Bracer's

2  examination belies the conclusion that she was malingering. (AR 427-29.)

3  Because the ALJ improperly discounted the opinions of the treating

4  physicians and misinterpreted the report of Dr. Bracer, the final

5  decision was not supported by substantial evidence.

6

7  **IV.   Award of Benefits**

8       The decision whether to remand for further proceedings is within

9  this Court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir.

10 2000).     Where   no   useful   purpose   would   be   served   by   further

11 administrative   proceedings,   or   where   the   record   has   been   fully

12 developed, it is appropriate to exercise this discretion to direct an

13 immediate award of benefits. *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th

14 Cir. 2004); *Harman*, 211 F.3d at 1179 ("the decision of whether to remand

15 for   further   proceedings   turns   upon   the   likely   utility   of   such

16 proceedings"). However, where there are outstanding issues that must be

17 resolved before a determination of disability can be made, and it is not

18 clear   from   the   record   that   the   ALJ   would   be   required   to   find   the

19 claimant disabled if all the evidence were properly evaluated, remand is

20 appropriate. *Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir.

21 2003).

22      Here, there are no outstanding issues that must be resolved before

23 a determination of disability can be made. When the evidence is properly

24 evaluated, it is clear that the opinions of the treating physicians

25 require a finding of disabled.   Therefore, the matter shall be remanded

26 for an award of benefits.

27 //

28 //

**V.    Conclusion**

For the reasons stated above, it is **ORDERED** that the decision is reversed and the matter is remanded for an award of benefits for the closed period of October 14, 2003 through November 22, 2005.

DATED: April 9, 2007

_____
MARC L. GOLDMAN
United States Magistrate Judge